UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RENATO OLIVEIRA DA SILVA,

        *Petitioner*,

v.                                    Case No. 3:26-cv-365-JEP-PDB

GARRETT J. RIPA, et al.,

        *Respondents*.

_____/

## <u>ORDER</u>

Petitioner initiated this action through counsel by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). Before the Court is Petitioner's amended emergency renewed motion for temporary restraining order to prevent *ultra vires* removal of Petitioner. (Doc. 9). Petitioner seeks a temporary restraining order "enjoining Respondents from removing him from the United States, when he does not have a final removal order and before a full and fair hearing on his Removal case." (*Id.* at 2). According to Petitioner, "his removal will be conducted today, March 31, 2026." (*Id.*).[1]

---

[1] Attached to the amended motion are various exhibits, including an "amended petition for writ of habeas corpus" dated March 17, 2026. (Doc. 9-2). This amended petition was never filed, but notably, it raises the same claim as the petition.

Upon review, the Court finds the motion is due to be denied. As the Court previously found, whether Petitioner is properly removed from the country is a different question from whether his re-detention violated the Due Process Clause. (Doc. 7). And the Court does not have jurisdiction to interfere with the execution of a removal order. *See* 8 U.S.C. § 1252. While Petitioner argues that he does not have a final order of removal because he was granted voluntary departure, Petitioner ignores the portion of the immigration judge's order that says: "with an alternate Order of removal to Brazil." (Doc. 1-2 at 11). *See* 8 C.F.R. § 1240.26(d) ("Upon granting a request made for voluntary departure[,] . . . the immigration judge shall also enter an alternate order of removal."); 8 C.F.R. § 1241.1(f) (recognizing that an order of removal becomes final "upon overstay of the voluntary departure period"); *see also Salpagarova v. Immigr. & Naturulization Serv.*, No. 20-61739-CV, 2020 WL 13550204, at *1-2 (S.D. Fla. Oct. 20, 2020) (finding that a petitioner who was granted voluntary departure with safeguards until May 11, 2020, but who did not depart the United States during that time, was subject to a final order of removal since May 12, 2020).

Accordingly, it is

**ORDERED**:

Petitioner's amended emergency renewed motion for temporary restraining order to prevent *ultra vires* removal of Petitioner (Doc. 9) is **DENIED**.[2]

**DONE AND ORDERED** in Jacksonville, Florida, on March 31, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

c:
Counsel of Record

---

[2] Petitioner's counsel must comply with Local Rule 6.01(c).